1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESSICA WILLIAMS,

    *Petitioner*,

vs.

THE WARDEN FOR THE STATE OF
NEVADA, WOMEN'S CORRECTIONAL
FACILITY, *et al.*,

    *Respondents*.

2:03-cv-00874-PMP-LRL

ORDER

This closed habeas matter comes before the Court on the Petitioner's motion (#40) to vacate and motion (#45) to strike. In the motion to vacate, Petitioner moves under Rule 60(b)(4) to vacate the Court's March 2, 2004, Order and Judgment (## 19 & 20) denying the Petition on the merits and further to dismiss the Petition, on the basis that the Court lacked subject matter jurisdiction over the Petition. In the motion to strike, Petitioner moves to strike the Respondents' opposition to the motion to vacate because the opposition contains unprofessional and defamatory personal attacks upon Petitioner's counsel.

### Background

Petitioner contends that the Court did not have subject matter jurisdiction over her Petition because she was not "in custody pursuant to the judgment of a State court" for purposes of jurisdiction under 28 U.S.C. § 2254 when the Petition was filed. The full background to the jurisdictional issue includes the state court criminal and post-conviction proceedings and Petitioner's two federal habeas actions in this Court.

On April 6, 2001, Petitioner Jessica Williams was convicted, pursuant to a jury verdict, on, *inter alia*, six counts of driving with a prohibited substance in her blood in violation of N.R.S. 484.3795(f).  The convictions arose from a tragic incident just before 2:00 p.m. on March 19, 2000, in which Williams' vehicle struck and killed six teenagers assigned to a county road cleanup crew.  Williams admitted that she had smoked marijuana about two hours prior to the incident and that she had used the drug "ecstacy" the previous evening.  She had been awake throughout the prior evening and the day leading up to the incident.

On direct appeal, Williams raised several claims of error, including a claim that the convictions for driving with a prohibited substance in her blood in violation of N.R.S. 484.3795(1)(f) were barred by double jeopardy because the jury also returned verdicts acquitting her, as to each of six counts, of driving under the influence of a controlled substance in violation of N.R.S. 484.3795(1)(d).  The Supreme Court of Nevada  affirmed, holding, *inter alia*, that the convictions were not barred by double jeopardy.  *Williams v. State*, 118 Nev. 536, 50 P.3d 1116 (2002), *cert. denied*, 537 U.S. 1031, 123 S.Ct. 569, 154 L.Ed.2d 446 (2002).

On or about January 3, 2003, Williams filed a state habeas petition.  She alleged that she was not constitutionally convicted of driving with a prohibited substance in her blood in violation of N.R.S. 484.3795(1)(f) because one of the two alternative marijuana metabolites relied upon, carboxylic acid, did not constitute a prohibited substance under the relevant statute.  The State responded that the petition was procedurally barred and was without merit.  The state district court rejected the procedural default defense and granted Williams' petition on the merits.  The court held that carboxylic acid did not constitute a prohibited substance and that the convictions violated due process because one of the two allegedly prohibited substances presented could not serve as a lawful basis for a conviction under N.R.S. 484.3795(f).  The court ordered that the convictions be reversed.[1]  The State appealed.

/ / / /

---

[1]See No. 2:04-cv-01620-KJD-LRL, #1, Appendix 2 (at electronic document pages 57-62).

1    On July 25, 2003, while the state court appeal was pending, Williams, through counsel,

2    filed the Petition in this matter.  The Petition raised the single claim under the Double

3    Jeopardy Clause that the convictions for driving with a prohibited substance in her blood in

4    violation of N.R.S. 484.3795(1)(f) were barred by double jeopardy because the jury also

5    returned verdicts acquitting her, as to each of six counts, of driving under the influence of a

6    controlled substance in violation of N.R.S. 484.3795(1)(d).

7    The Petition expressly was brought "pursuant to 28 U.S.C. § 2254."  The Petition

8    referred exclusively to Section 2254 with no mention of 28 U.S.C. § 2241.[2]  In the Traverse,

9    Petitioner argued that the Nevada Supreme Court's decision on direct appeal rejecting her

10   double jeopardy claim was contrary to or an unreasonable application of clearly established

11   federal law, applying the standard of review applicable to Section 2254 petitions that is set

12   forth in Section 2254(d).[3]

13   On March 2, 2004, the Court denied the Petition on the merits. The Court first

14   addressed whether it was appropriate to proceed in light of the still-pending state court

15   proceedings.  The Court noted that neither party maintained that a stay was necessary.  The

16   Court held that, under *Mannes v. Gillespie*, 967 F.2d 1310, 1312-13 (9th Cir. 1992), federal

17   *Younger*[4] abstention was not required in the face of the ongoing state proceedings and

18   possible retrial because double jeopardy was the basis for federal relief.  The Court further

19   held that a continuing case or controversy was presented.[5]

20   On the merits, the Court noted the parties' agreement that the § 2254(d) standard of

21   review governed.  Applying that standard, the Court held that the Nevada Supreme Court's

22   decision rejecting Williams' double jeopardy claim on direct appeal was neither contrary to nor

23   an unreasonable application of clearly established federal law.  #19, at 5 & 7-14.

24

25   [2]#1, at 1 & 2 .

26   [3]#11, at 9, 13 & 16.

27   [4]*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

28   [5]#19, at 6-7.

-3-

1    Williams timely appealed.  In her opening brief in the Ninth Circuit, filed May 27, 2004,

2    Williams affirmed in her statement of jurisdiction that "[t]he Federal District Court had proper

3    subject matter jurisdiction over Appellant's 28 U.S.C. § 2254 Petition for Habeas Corpus."

4    She identified the issue before the Ninth Circuit as whether the Nevada Supreme Court's

5    rejection of her double jeopardy claim "'resulted in a decision that was contrary to, or involved

6    an unreasonable application of, clearly established Federal law, as determined by the

7    Supreme Court of the United States  . . . ' in violation of 28 U.S.C. § 2254(d)."  The entirety

8    of her argument was framed under the Section 2254(d) standard of review.  In short, as in the

9    district court, Williams made no argument – during the briefing -- that Section 2241, with its

10   less restrictive *de novo* standard of review, instead governed disposition of the petition.[6]

11   Thereafter, on July 22, 2004, in the ongoing state court proceedings, the Supreme

12   Court of Nevada reversed the state district court's order, concluding that the lower court had

13   erroneously granted the state post-conviction petition.  The state high court held that Williams'

14   post-conviction claim was procedurally barred under N.R.S. 34.810 because it was a new

15   claim that could have been raised at trial and on direct appeal.  The court additionally held

16   that Williams had not established good cause for failing to raise the claim previously and

17   further that she could not establish actual prejudice because marijuana metabolite constituted

18   a prohibited substance under the relevant statutory provisions.  *See State v. Williams*, 120

19   Nev. 473, 93 P.3d 1258 (2004), *cert. denied*, 543 U.S. 958, 125 S.Ct. 409, 160 L.Ed.2d 321

20   (2004).  The remittitur issued on November 15, 2004.[7]

21   On November 22, 2004, Williams filed a second federal petition through counsel, once

22   again invoking § 2254, in No. 2:04-cv-01620-KJD-LRL.  Williams presented eight grounds that

23   were alleged to have been presented to the Nevada Supreme Court either on the original

24   direct appeal or on the State's appeal from the initial grant of state post-conviction relief.

25

26   ───────────────

27   [6] *See Jessica Williams v. Warden,* No. 04-15465, Ninth Circuit Court of Appeals, Appellant's Opening Brief, 2004 WL 1510950, at * pages 1, 2, 4, 11-12, 12-13, 19 & 24-25.

28   [7] #8, at electronic document page 11.

On December 3, 2004, the Court initiated a *sua sponte* inquiry in No. 2:04-cv-01620 as to whether the petition in that matter should be dismissed without prejudice as a successive petition due to Petitioner's failure to first obtain an order from the Court of Appeals under 28 U.S.C. § 2244(b)(3) authorizing the Court to consider the petition.  On January 11, 2005, after receiving Petitioner's initial response, the Court directed service and ordered additional submissions from respondents and petitioner on the successive petition issue.[8]

A short time later, on January 18, 2005, in the federal appeal from the denial of the first federal petition in this matter, Petitioner filed a letter with citation to additional authority. Petitioner cited the Ninth Circuit's November 19, 2004, decision in *Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004), which had been decided after the briefing had been completed. Petitioner cited *Stow* as authority for, *inter alia*, the proposition that "Ms. Williams' habeas corpus petition should be considered under 28 U.S.C. § 2241, not § 2254."  At the February 15, 2005, oral argument, Petitioner's counsel referred again to *Stow* as authority, maintaining that the convictions should be set aside not only under the Section 2241 standard but also under the more deferential Section 2254 standard.[9]

Thereafter, on September 7, 2005, the Ninth Circuit issued a published decision affirming this Court's denial of the first federal petition on the merits. *Williams v. Warden*, 422 F.3d 1006 (9th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1469, 164 L.Ed.2d 247 (2006). In *Williams*, the Ninth Circuit applied the deferential AEDPA standard of review under Section 2254 throughout the opinion.  422 F.3d at 1008, 1009, 1010 & 1012.  The Court of Appeals did not expressly address Williams' post-briefing contention that a *de novo* standard of review under Section 2241 instead should govern.  Williams asserts that she renewed the Section 2241 argument on a petition for panel and *en banc* rehearing. #43, at 4.

---

[8]No. 2:04-cv-01620, ## 4-6.

[9]See No. 2:04-cv-01620, #9, Exhibit "A".   The audio file of the oral argument may no longer be publicly available on the Ninth Circuit's external internet website.  The Court has reviewed the audio file on the Circuit's intranet site; and the Court further takes judicial notice of Judge Dawson's earlier description on the record, *id.*, #14, at 5, of the oral argument audio file, which at that time was publicly available on the Ninth Circuit internet site, and at which counsel in this matter were present.

1    On March 27, 2006, Petitioner filed a motion in this matter to vacate the judgment in

2  this matter that had been affirmed in *Williams*.  Petitioner contended that the Court lacked

3  subject matter jurisdiction over the Petition because there was no jurisdiction to hear the

4  Petition under Section 2254.  Petitioner maintained that she was not in custody pursuant to

5  a judgment of a State court at the time that the Petition in this matter was filed because the

6  state district court had vacated the judgment of conviction at that time.[10]

7    On April 27, 2006, this Court denied the motion to vacate without prejudice due to an

8  absence of jurisdiction over the motion.  The mandate of the Court of Appeals had been

9  withdrawn pending the resolution of the Petitioner's *certiorari* petition and had not been

10  reissued as of that time.  This Court held that it did not have jurisdiction to consider a Rule

11  60(b) motion to vacate in a matter on appeal before the mandate was reissued, absent leave

12  from the Court of Appeals.  The Court further advised the parties of the issue upon which it

13  wished to see briefing in the event that the motion was renewed at a later time:

14            . . . . If petitioner files another motion to vacate following
          issuance of the mandate, it is the Court's preference that the
15          parties file a new set of briefs on any such motion and that they
          address, *inter alia*, the strictures on a post-mandate motion to
16          vacate judgment.  *See generally United States v. Cote*, 51 F.3d
          178, 181-82 (9th Cir. 1995)(regarding mandate rule); 11 C. Wright,
17          A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* §
          2873, at nn. 22-24 (1995)(regarding limitations on Rule 60(b)
18          relief following appeal).

19  #35, at 2.

20    Meanwhile, in No. 2:04-cv-01620, the Court had entered an order on March 2, 2006,

21  transferring that case to the Court of Appeals as an application to file a second or successive

22  petition under 28 U.S.C. § 2244(b)(3)(A).  The Court concluded, *inter alia*, that the Petition in

23  this matter arose under Section 2254 rather than Section 2241 for the purpose of determining

24  whether the second petition constituted a successive petition under Section 2254.[11]

25    / / / /

26  _____

27  [10]#31.

28  [11]No. 2:04-cv-01620, #14, at 7-9.  See also *id.*, at 9-15 (regarding related issues).

1    Judge Dawson's transfer order in No. 2:04-cv-01620 specifically noted and discussed,

2    at some length, the fact that Petitioner's counsel had sought to raise the issue of the

3    application of Section 2241 in the Ninth Circuit after the briefing in *Williams* had been

4    completed.   He concluded, *inter alia*, that, on the one hand, if the Ninth Circuit implicitly

5    rejected the argument because it was waived, then, under established law, Petitioner could

6    not go back on the second petition and seek to recast what the Ninth Circuit "should have

7    done" on the first petition on an issue that was not timely and effectively raised.   He further

8    concluded that, on the other hand, if the Ninth Circuit impliedly rejected the Section 2241

9    argument on the merits, then the binding published circuit precedent in *Williams* barred the

10   Court from holding that the petition instead arose under Section 2241.[12]

11   On April 26, 2006, Judge Dawson granted a certificate of appealability on the issue,

12   concluding, *inter alia*, "that jurists of reason would find it debatable . . . whether the district

13   court was correct in holding that the petition was a successive petition."[13]

14   In the present case, on July 12, 2006, the Court entered its Order on the Mandate,

15   which had been reissued by the Court of Appeals; and on July 19, 2006, Petitioner filed a new

16   motion to vacate the judgment.   Petitioner renewed her earlier argument that the Court lacked

17   subject matter jurisdiction over the Petition because there was no jurisdiction to hear the

18   Petition under Section 2254.   She further addressed the issue noted in the Court's prior order

19   as to whether the mandate rule precluded a dismissal of the petition for lack of jurisdiction.[14]

20   The Respondents' August 7, 2006, opposition memorandum did not address the

21   mandate rule issue noted by the Court in its prior order.   The Respondents' submission

22   included representations to the Court such as, *inter alia*, the following:

23          Petitioner has filed two § 2254 habeas petitions with the
       court.  Because the second petition was found by the district court
24

25          [12]No. 2:04-cv-01620, #14, at 5 & 7-8.  The parties are represented by the same attorneys respectively
26   in both proceedings.

27          [13]No. 2:04-cv-01620, #18, at 2.

28          [14]#40.

to be successive, Williams has discovered at the eleventh hour that she has a problem.  What she now apparently seeks by way of the instant scandalous motion is for the court to relieve her of her own claimed mistakes and admitted ignorance of federal habeas corpus practice.

. . . .  These changes in strategy appear to reflect her constantly-changing strategic milieu, and further a fundamental lack of familiarity with habeas procedure. . . . .  Now that the Respondents and the court have taught her the basics of habeas corpus practice, she seems to believe that she has some strategic mending to do. . . . .  That she now seeks, in bad faith, to undo her own representations would be troubling enough; that she insinuates that the mistake was fault of the court, and the court should have seen the problem in 2003, is the height of disrespect and arrogance.

. . . . .

Apparently not aware of the relevant law, and having done no research, See Fed. R. Civ. P. 11, Williams thereafter filed an improper successive petition . . . without first seeking leave from the circuit court as is mandated by the A.E.D.P.A., apparently wholly unaware of the statutory and decisional rules governing successive filings.

. . . . .

It is unknown to the Respondents whether Williams' counsel did not make themselves aware of this legal requirement, in effect for 10 years, or simply ignored it.  It is astounding that both attorneys were unaware of this basic habeas principle which took effect in April, 1996.

#42, at 3-4 & 7 n.4.

Petitioner filed a motion to strike a short time thereafter, seeking to have the response stricken because it made defamatory and unprofessional personal attacks upon counsel.  The Respondents' opposition to the motion to strike continued in the same vein as set forth above, and the opposition further sharpened the rhetoric directed at opposing counsel.[15]

On September 27, 2006, a panel of the Ninth Circuit issued the following unpublished order in connection with No. 2:04-cv-01620:

The application for authorization to file a 28 U.S.C. § 2254 habeas corpus petition in the district court is granted.  *White v. Lambert*, 370 F.3d 1002, 1005-06 (9th Cir. 2004); *Barapind v.*

_____

[15]## 44 & 45.

1    *Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). . . . .

2    No. 04-cv-01620, # 23.

3    Such a decree typically is issued in cases where the Court of Appeals regards the

4    petition as a second or successive Section 2254 petition but concludes that the initial *prima*

5    *facie* showing required by 28 U.S.C. § 2244(b)(3)(C) has been made.  On October 25, 2005,

6    this Court accordingly issued an order in No. 02:04-cv-01620 under 28 U.S.C. § 2244(b)(4)

7    that directed Petitioner to demonstrate that the claims presented satisfied the requirements

8    of 28 U.S.C. § 2244(b)(2).[16]

9    Petitioner sought clarification of the September 27, 2006, panel order in the Ninth

10   Circuit.  On November 20, 2006, the same panel issued the following unpublished order:

11   Petitioner's motion for clarification of this court's
     September 27, 2006 order is granted.  The petition for writ of
12   habeas corpus petitioner filed in [No. 2:04-cv-01620] is not a
     second or successive habeas petition under 28 U.S.C. § 2254
13   because the first petition petitioner filed in district court was, in
     substance, a petition filed under 28 U.S.C. § 2241, not 28 U.S.C.
14   § 2254.  *See White v. Lambert*, 370 F.3d 1002, 1005-06 (9th Cir.
     2004); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000).
15
     Accordingly, petitioner's application for authorization to file
16   a 28 U.S.C. § 2254 habeas corpus petition in the district court is
     denied as unnecessary.
17
18   No. 04-cv-01620, #32.  The above denial of the application for authorization as unnecessary

19   was consistent with the Ninth Circuit's established procedural practice following a

20   determination that a petition is not a successive petition.  *See, e.g., Hill v. State*, 297 F.3d 895,

     896 (9th Cir. 2002); *Martinez-Villareal v. Stewart*, 118 F.3d 628, 634-35 (9th Cir. 1997); *In re*
21
     *Turner*, 101 F.3d 1323 (9th Cir. 1997).
22
23   After reopening No. 2:04-cv-01620 and screening the petition in that matter, the Court

24   ordered the Respondents to file a motion to dismiss directed to the exhaustion and procedural

25   default issues noted in the screening order.[17]

26   _____

27   [16]No. 02:04-cv-01620, #27.

28   [17]No. 02:04-cv-01620, #33.

-9-

1         Respondents instead filed a motion to dismiss the petition as a successive petition.

2  Respondents urged that the Ninth Circuit panel that considered the successive petition issue

3  in No. 2:04-cv-01620 could not overrule the prior binding published circuit precedent in the

4  *Williams* decision issued in this case, which applied the Section 2254 standard of review.[18]

5         The Court denied the motion to dismiss and directed the Respondents to comply with

6  the prior screening order.  The Court noted that "[r]espondents' arguments potentially would

7  have been appropriately raised in a timely petition for rehearing *en banc* in the Ninth Circuit,

8  which was not filed, as part of a petition for a writ of *certiorari* in the United States Supreme

9  Court, or perhaps at some other juncture before the Ninth Circuit."  The Court concluded,

10  however, that, as a lower court, it was "bound by the law of the case established by the

11  decisions of the Ninth Circuit made in this case."[19]

12         Respondents thereafter responded with a motion to dismiss on exhaustion and

13  procedural default as previously directed.

### Discussion

#### Motion to Vacate

16         Petitioner moves to vacate the judgment in this matter under Rule 60(b)(4) and to

17  dismiss the Petition on the basis that the judgment is void because this Court did not have

18  jurisdiction over the Petition in this matter under Section 2254.

19         While the panel's unpublished order in 2:04-cv-01620 is the law of the case in the

20  district court proceedings in that case, the Court is not sanguine that the mandate rule, the

21  law of the case, and the law of the circuit permit the Court to depart from the published

22  opinion in *Williams* that was issued in this case.  It of course is true that jurisdiction over the

23  subject matter may be considered at any stage of the proceedings, but it also is true that

24  questions of subject matter jurisdiction are subject to the foregoing preclusive rules to the

25  same extent as other issues.   *See,e.g., Ferreira v. Borja*, 93 F.3d 671, 673-74 (9th Cir.

27    [18]No. 02:04-cv-01620, #34.

28    [19]No. 02:04-cv-01620, #35.

1    1996)(law of the case); *Hanna Boys Center v. Miller*, 853 F.2d 682, 685-86 (9th Cir.
2    1988)(motion panel's implicit jurisdictional determination on prior appeal was law of the case).
3    In this case, the Ninth Circuit was presented with argument and authority, albeit after the
4    completion of the briefing, seeking to establish that Petitioner was not in custody pursuant to
5    the judgment of a State court for purposes of Section 2254 and that Section 2241 instead
6    should govern.    In the published circuit precedent in *Williams*, the Court of Appeals
7    nonetheless applied the Section 2254 standard of review, an action wholly inconsistent with
8    any conclusion, for purposes of jurisdiction or otherwise, that Petitioner was not in custody
9    pursuant to a state court judgment.    Further, this Court entered a judgment denying the
10   Petition on the merits and entering judgment against the Petitioner and in favor of
11   Respondents; and the Judgment and Mandate of the Court of Appeals affirmed the
12   Judgment.    The Court has substantial doubt that an order now vacating the affirmed
13   Judgment in favor of Respondents and directing entry of a judgment that instead dismisses
14   the Petition without prejudice for lack of jurisdiction over the subject matter would be
15   consistent with the Ninth Circuit's Mandate affirming the prior Judgment denying the Petition
16   on the merits and entering judgment for Respondents.    *Cf. Palomo v. Baba*, 497 F.2d 959,
17   960 (9th Cir. 1974)(district court could not act inconsistent with mandate of affirmance).

18        Moreover, if the Court were to review the jurisdictional issue *de novo*, the Court would
19   be inclined to hold that Petitioner was in custody pursuant to the judgment of a state court at
20   the time that the Petition was filed, for the reasons noted by Judge Dawson.[20]

21        In all events, however, even if, *arguendo*, Petitioner were correct that she was not in
22   custody pursuant to the judgment of a State court when the Petition was filed, her establishing
23   this proposition would not establish that the Judgment in this case was void for lack of subject
24   matter jurisdiction.    Williams undeniably was in the State's physical custody at the time that
25   the Petition was filed.    Her argument that she was not in custody "pursuant to the judgment
26   of a state court" during the State's appeal of the state district court's grant of habeas relief,

27
28        [20]See No. 2:04-cv-01620, #14, at 8-9.

-11-

1    if successful, would establish only that jurisdiction instead existed under Section 2241 rather

2    than Section 2254.[21]  If jurisdiction under Section 2254 had been challenged in this Court prior

3    to the appeal and the Court had concluded that it did not have jurisdiction under that

4    provision, this conclusion would not have resulted in the dismissal of the Petition or a

5    conclusion that the Court lacked jurisdiction to enter a judgment on the merits.

6            Indeed, in both of the principal cases relied upon by Williams, the Ninth Circuit affirmed

7    on the merits after concluding that the habeas petition in each case should be considered

8    under a different statute than the one invoked by the petitioner.  In *Stow v. Murshige, supra*,

9    the petitioner invoked Section 2254; and the Ninth Circuit concluded that the petition instead

10   should be considered under Section 2241.  389 F.3d at 882-83.  And in *White v. Lambert*, 370

11   F.3d 1002 (9th Cir. 2004), the petitioner invoked Section 2241; and the Ninth Circuit concluded

12   that the petition instead should be considered under Section 2254.  370 F.3d at 1004.  In

13   neither case did this conclusion lead to either a dismissal of the petition for lack of jurisdiction

14   over the subject matter or a reversal of the judgment below for lack of jurisdiction over the

15   subject matter.  In both cases, the Ninth Circuit simply applied the legal rules appropriate to

16   the statute that it found to apply to the case; and the Court of Appeals affirmed the judgment

17   of the court below on the merits.  As the Ninth Circuit noted in *White*, Section 2254 "is

18   properly seen as a limitation on the general grant of habeas authority in § 2241."  370 F.3d

19   at 1008.  *See also id.*, at 1006-07 (Section 2254 in effect implements the general grant of

20   habeas corpus authority found in Section 2241, with additional limitations imposed where the

21   person is in custody pursuant to the judgment of a state court).

22           As in *Stow* and *White*, if the Ninth Circuit had agreed with Williams on the appeal in

23   this matter that the Petition was not properly considered under Section 2254, the Court of

24   Appeals would not have reversed the Judgment for lack of subject matter jurisdiction but

25   instead would have addressed the merits under Section 2241 rather than Section 2254.

26   _____

27        [21]A petitioner remains in custody for purposes of federal habeas jurisdiction even if she is released
     from physical custody on bail or on her own recognizance pending a retrial.  *See Justices of Boston Municipal*

28   *Court v. Lydon*, 466 U.S. 294, 300-02, 104 S.Ct. 1805, 1809-10, 80 L.Ed.2d 311 (1984).

Thus, even if, *arguendo*, Petitioner were correct that Section 2254 was not applicable to the Petition, she would not be able to establish that the Judgment in this case was void for lack of jurisdiction.  All that she would be able to establish is that this Court and the Court of Appeals applied the Section 2254 standard of review to her first petition in error.  An allegedly erroneous judgment is not a void one under Rule 60(b)(4).  *E.g., In re Sasson*, 424 F.3d 864, 875 (9th Cir. 2005).  The motion to vacate therefore will be denied.

### *Motion to Strike*

The personal attacks in the Respondents' memoranda on the motion to vacate have no place in filings in this Court.

The attacks further were wholly unwarranted.  Respondents emphasize in their opposition memorandum (#44) on the motion to strike that Petitioner's counsel invoked jurisdiction under Section 2254 in a petition sworn under penalty of perjury.  There was nothing unprofessional or improper in the Petitioner changing a legal position, particularly as to jurisdiction, asserted previously in a sworn pleading.  While it has been apparent to the Court from the outset that Petitioner was seeking to avoid the potential successive petition bar raised *sua sponte* in No. 2:04-cv-1620, there was absolutely nothing unprofessional or improper in Petitioner seeking to advance, on reflection, a different jurisdictional argument in that effort.  Nothing that Petitioner's counsel has done in this case or the other remotely warrants the unprofessional personal attacks upon Petitioner's counsel in this matter.  Nor were the attacks in any sense necessary to present the Respondents' position on the procedural and jurisdictional issues raised.  The motion to strike will be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-13-

1    IT THEREFORE IS ORDERED that Petitioner's Motion (#40) to Vacate is DENIED.

2    IT IS FURTHER ORDERED that Petitioner's Motion (#45) to Strike is

3    GRANTED and Respondents Opposition to Motion to Vacate (#42) is hereby STRICKEN.

4

5    DATED:  May 24, 2007.

6

7    _____

8    PHILIP M. PRO
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28